**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4056**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRINCE ANDRE PRICE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  David A. Faber, Chief
District Judge.  (CR-04-97)

---

Submitted:  June 17, 2005          Decided:  November 1, 2005

---

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

Donald L. Stennett, BREWSTER, MORHOUS, CAMERON, CARUTH, MOORE,
KERSEY & STAFFORD, P.L.L.C., Charleston, West Virginia, for
Appellant.  Charles T. Miller, Acting United States Attorney,
Steven I. Loew, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Prince Andre Price appeals his seventy-two month sentence resulting from his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000). We affirm Price's conviction, but vacate and remand for resentencing.

Price pled guilty and does not challenge his conviction. Price claims the district court erred in failing to treat the sentencing guidelines as advisory when imposing his sentence. As Price properly raised this issue in the district court by objecting to his sentence based on United States v. Booker, 125 S. Ct. 738 (2005), we review for harmless error. The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). The Government did not meet this burden because the district court gave no indication what the sentence would have been had the district court not been bound by the guidelines. We would have to speculate that the district court's error in thinking itself bound by the guidelines did not affect the sentence. In light of Booker, we vacate Price's sentence and remand the case for resentencing.[*]

--------

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Price's sentencing.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
